UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NASSAU COUNTY PUBLIC ADMINISTRATOR of the ESTATE OF WALTER ORLANDO CRUZ PEREZ, Deceased,

Plaintiff,

- Against -

THE COUNTY OF NASSAU, THE NASSAU COUNTY POLICE DEPARTMENT, and JOHN DOES and JANE DOES 1-10, Said names being fictitious and intended to Refer to those individuals and/or entities that acted As, and/or were employed as, police officers by THE COUNTY OF NASSAU and/or THE NASSAU COUNTY POLICE DEPARTMENT in the events Which are the subject matter of this action,

Defendants.
---------------------------------------------------------------X

Civil Action No.: 18-cv-5327

COMPLAINT

Jury Trial Demanded

Plaintiff, by his attorneys, LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., as and for his Complaint, hereby brings this action under 42 U.S.C. §1983 to redress his civil and legal rights, and alleges as follows:

**PRELIMINARY STATEMENT**

1. On June 14, 2018, Plaintiff, NASSAU COUNTY PUBLIC ADMINISTRATOR, was appointed by the Surrogates Court as Administrator to represent the ESTATE OF THE WALTER ORLANDO CRUZ PEREZ, DECEASED.

2. This is a civil action for compensatory and punitive damages, costs, interest and attorney's fees against the defendants, THE COUNTY OF NASSAU (the "County") and THE

NASSAU COUNTY POLICE DEPARTMENT ("NCPD"), arising out of the assault, battery, false arrest, false imprisonment, common law negligence inflicted by said defendants, which acts proximately caused permanent injuries to, and the wrongful death of, plaintiff's decedent, WALTER ORLANDO CRUZ PEREZ ("PEREZ") on or about September 22, 2017.

3. On or about September 22, 2017, Perez was lawfully within the premises located at 230 Doughty Boulevard, Inwood, New York, when multiple police officers employed by the NCPD improperly detained, battered, assaulted, tased, restrained, forcibly held, and exerted unnecessary and excessive physical force on Perez. These police officers, who were negligently and recklessly hired, trained, retained and supervised by the defendants, acted under the color of state law by intentionally and willfully subjecting Perez to, inter alia, false arrest, false imprisonment, intentional, unlawful and substantial restraint, detention, and assault and battery without just cause in violation and deprivation of Perez's rights under the United States Constitution, the laws of the United States, including but not limited to 42 USC §1983 and 1988, the New York State Constitution and the laws of the State of New York, which acts directly and proximately caused Perez's death.

4. On and prior to September 22, 2017, the defendants deprived Perez of the rights afforded him under the United States Constitution, the laws of the United States, including but not limited to 42 USC §1983 and 1988, the New York State Constitution and the laws of the State of New York, in that the defendants maintained a well-documented custom and practice which directly and proximately led to its police officers executing improper actions in intentionally and willfully subjecting Perez to, inter alia, false arrest, false imprisonment, intentional, unlawful and substantial restraint, detention, and assault and battery without just cause or provocation.

**JURISDICTION AND VENUE**

5. This action is brought pursuant to 42 USC §1983 and 1988, and the First and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred up on this Court by 28 U.S.C. §1331 and 1343, this being an action seeking redress for the violation of Perez's constitutional and civil rights.

6. On behalf of Perez, Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

7. Venue in this District is proper under 28 U.S.C. §1391(6) and (c) in that Perez was a resident of the County of Nassau, plaintiff is a resident of the County of Nassau, the defendants are residents of, and are constituted to act as law enforcement entities within the County of Nassau, and the events giving rise to this claim occurred within the boundaries of the County of Nassau, and thus within the confines of the Eastern District of New York.

**JURY TRIAL DEMANDED**

8. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

9. On or about September 22, 2017, Perez was a resident of the County of Nassau, State of New York.

10. At all relevant times, plaintiff was, and is, a resident of the County of Nassau.

11. At all relevant times, defendant County of Nassau ("County") was, and is, a county entity duly organized under and existing by virtue of the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant County assumed, and assumes, the risks incidental to the maintenance of a police force and the employment of police officers. Defendant County was at all times relevant herein the public employer of the police officers employed by defendant NCPD whose conduct led to Perez's permanent injuries and death.

12. At all relevant times, defendants JOHN DOES and JANE DOES 1-10 acted as and/or were duly appointed by defendants as Nassau County police officers, whose names are fictitious and intended to refer to those police officers involved in the events which are the subject matter of this action.

13. By the conduct, acts, and omissions complained of herein, defendants violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments to the United States Constitution of which a reasonable police department and police officer under the circumstances would have known.

**NOTICE OF CLAIM**

14. On October 24, 2017, plaintiff duly served a Notice of Claim upon the defendants CITY and the NYPD, specifying the time when, location where, and manner in which this claim arose, for adjustment.

15. Defendants have wholly failed and refused and refused to adjust or settle this claim.

16. Plaintiff has met all conditions precedent for the filing of this action, including but not limited to those conditions precedent pursuant to the New York General Municipal Law.

## STATEMENT OF FACTS

17. Prior to September 22, 2017, defendants employed, trained, retained and supervised defendants JOHN DOES and JANE DOES 1-100 as Nassau County Police Officers.

18. Prior to September 22, 2017, defendants employed, trained, retained and supervised defendants JOHN DOES and JANE DOES 1-100 as Nassau County Police Officers despite the fact that they were unfit for duty and that retaining them as Police Officers would pose an undue threat to the health and safety of the public in general and Perez in particular.

19. On and prior to September 22, 2017, defendants maintained and exercised an official policy or custom which deprived Perez of the rights afforded him under the United States Constitution, the laws of the United States, including but not limited to 42 USC §1983 and 1988, the New York State Constitution and the laws of the State of New York, in that the defendants maintained a custom and practice which allowed for its police officers to execute improper actions in intentionally and willfully subjecting members of the general public to, inter alia, false arrest, false imprisonment, intentional, unlawful and substantial restraint, detention, and assault and battery without just cause or provocation.

20. Defendants' custom and practice as detailed above establishes that on and prior to September 22, 2017, defendants acted negligently and with reckless disregard for public safety in the systematic failure to properly screen, hire, train, retain and supervise its police officers, including defendants JOHN DOES and JANE DOES 1-100. This very custom and practice here resulted in the unlawful false arrest, false imprisonment, intentional, unlawful and

substantial restraint, detention, and assault and battery upon Perez without just cause in violation of Perez's rights under the United States Constitution, 42 USC §1983 and 1988, the New York State Constitution, and the laws of the State of New York.

21. On or about September 22, 2017, Perez was lawfully within the premises located at 230 Doughty Boulevard, Inwood, New York, when multiple police officers employed by the defendants, including but not limited to officers from the Nassau County Fourth Police Precinct, improperly detained, battered, assaulted, tased, restrained, forcibly held, and exerted unnecessary and excessive physical force on Perez, failed to follow proper procedures under the circumstances to properly assess the situation, failed to call for proper mental health personnel/officers to attend to Perez, failed to prevent Perez from hurting himself or others, improperly used excessive force, improperly used various weapons, including but not limited to conducted electrical weapons, failed to properly render treatment to Perez, failed to properly restrain Perez, improperly restrained Perez, used excessive force to restrain Perez, applied improper restraint to Perez's body, causing him to be unable to breathe, thus intentionally and negligently inflicting serious and permanent personal injuries which directly and proximately caused Perez's death, all while in defendants' custody.

22. On or about September 23, 2017, the New York City Office of Chief Medical Examiner concluded that the cause of Perez's death was homicide following physical exertion with restraint and the use of conducted electrical weapons, evidenced by the presence of multiple instances of blunt force trauma to Perez's head, scalp, face, eyes, ears, nose, neck, torso, arms, wrists, hands, buttocks, legs, ankles, and feet. Additionally, three probes from a conducted electrical weapon were found to have penetrated the skin of the anterior torso, upper torso, right upper abdominal quadrant, with signs evidencing electrical burns and hemorrhages through the

anterior abdominal wall and liver capsule on the inferior aspect of the right lobe of the liver. The conducted electrical weapon probes, together with a separate piece of gray metallic wire accompanied Perez's body.

**FIRST CAUSE OF ACTION**

23. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

24. At the aforesaid time and place, Perez was unlawfully arrested, detained, and prevented from leaving against his will by the defendants, who identified themselves as Officers of the Nassau County Police Department.

25. At the aforesaid time and place, Perez was prevented from leaving, punched, struck, kicked, rendered unconscious by the intentional and negligent acts of the defendants, which assault proximately caused Perez's death.

26. Defendants JOHN DOES and JANE DOES 1-10, acting with the authority of the Nassau County Police Department and under color of badge did at the aforementioned time and place, caused Perez's permanent personal injuries leading to his death.

27. When said defendants arrested, detained, distracted and assaulted Perez, said defendants deprived Perez of the rights, privileges and immunities secured to him by the Constitution of The United States and violated 42 USC §1983, et seq.

28. At the time of this occurrence, said defendants' conduct was improperly, illegally, and negligently permitted by a then-existing Nassau County Police Department custom and practice which allowed for its police officers to execute improper actions in intentionally and willfully subjecting members of the general public to, inter alia, false arrest, false imprisonment,

intentional, unlawful and substantial restraint, detention, and assault and battery without just cause or provocation.

29. At the time of this occurrence, the conduct of Defendants JOHN DOES and JANE DOES 1-10 was not justified under the circumstances.

30. At the time of this occurrence, Perez was unarmed and posed no threat to police officers or anyone else.

31. As a result of defendants' negligence, recklessness and assault and battery of Perez, and the violation of 42 USC §1983, et seq., Perez was injured.

32. The injuries sustained by Perez were due to the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees, in violation of 42 USC §1983, et seq.

33. As a result of the violation of 42 USC §1983, et seq., the physical injuries inflicted upon Perez, which included assault and battery, Plaintiff claims all damages recoverable under 42 USC§1983, et seq. and the laws of the State of New York, including but not limited to pain and suffering, medical expenses, pecuniary damages, costs and attorneys' fees pursuant to 42 USC §1988, and all other items of damage recoverable under New York State Law and the laws of The United States of America.

34. As a result of the aforementioned occurrence, Perez was deprived of his civil rights under the Constitution of the State of New York and the Constitution of the United States, as well as other State ordinances statutes, codes and rules, including 42 U.S.C. 1981, 1983, 1985 and 28 U.S.C. 1343.

35. Perez was injured.

36. Perez was seriously injured.

37. As a result of the foregoing, Perez was caused to die.

38. As a result, Plaintiff is entitled to punitive and compensatory damages from the defendants well in excess of $75,000.00.

**SECOND CAUSE OF ACTION**

39. Plaintiff reiterates and re-alleges all of the above paragraphs as if fully set forth herein again.

40. At all times relevant herein, defendants COUNTY and NCPD employed the Defendants JOHN DOES and JANE DOES 1-10 as Nassau County Police Officers.

41. At all times relevant herein, defendants COUNTY and NCPD conducted a background investigation of Defendants JOHN DOES and JANE DOES 1-10 as a condition precedent of their employment.

42. At all times relevant herein, defendants COUNTY and NCPD conducted psychological testing of Defendants JOHN DOES and JANE DOES 1-10 as a condition precedent of their employment.

43. At all times relevant herein, defendants COUNTY and NCPD conducted physical-medical examinations of Defendants JOHN DOES and JANE DOES 1-10 as a condition precedent of their employment.

44. At all times relevant herein, defendants COUNTY and NCPD conducted evaluations of Defendants JOHN DOES and JANE DOES 1-10 as a condition precedent of their employment.

45. At all times relevant herein, defendants COUNTY and NCPD conducted psychological testing of Defendants JOHN DOES and JANE DOES 1-10 as a condition precedent of their employment.

46. At all times relevant herein, defendants COUNTY and NCPD conducted required Defendants JOHN DOES and JANE DOES 1-10 to attend training as a condition precedent of their employment.

47. At all times relevant herein, defendants COUNTY and NCPD failed to properly investigate, screen, evaluate test, train, supervise and examine Defendants JOHN DOES and JANE DOES 1-10, and said failures resulted in Defendants JOHN DOES and JANE DOES 1-10 becoming uniformed Member of the Nassau County Police Department.

48. At all times relevant herein, Defendants JOHN DOES and JANE DOES 1-10 were unfit to be Nassau County Police Officers.

49. At all times relevant herein, Defendants COUNTY and NCPD knew or should have known of Defendants JOHN DOES and JANE DOES 1-10's criminal, aggressive, violent, and abusive tendencies.

50. At all times relevant herein, defendants COUNTY and NCPD failed to properly supervise Defendants JOHN DOES and JANE DOES 1-10.

51. The injuries, both physical and psychological, sustained by Perez, were due to the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees, in their failures to properly screen for employment, hire, retain, train supervise, and employ Defendants JOHN DOES and JANE DOES 1-10.

52. The injuries, both physical and psychological, sustained by Perez were due to the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees, in their systemic failure to properly screen for employment, hire, retain, train supervise, and employ Defendants JOHN DOES and JANE DOES 1-10.

53. As a result off the foregoing negligence, carelessness and recklessness of the defendants, Defendants JOHN DOES and JANE DOES 1-10, as members of the Nassau County Police Department acting under the color of state law, intentionally and willfully subjected Perez to, inter alia, false arrest, false imprisonment, intentional, unlawful and substantial restraint, detention, and assault and battery without just cause or provocation in violation of Perez's rights under the United States Constitution and 42 USC §1983.

54. As a result of the foregoing, Perez was injured.

55. As a result of the foregoing, Perez was seriously injured.

56. As a result of the foregoing, Perez was caused to die.

57. As a result, Plaintiff is entitled to punitive and compensatory damages from the defendants well in excess of $75,000.00.

**THIRD CAUSE OF ACTION - MONELL CLAIM AGAINST THE COUNTY OF NASSAU and/or THE NASSAU COUNTY POLICE DEPARTMENT - 42 U.S.C. §1983**

58. Plaintiff reiterates and re-alleges all of the above paragraphs as if fully set forth herein again.

59. The defendants directly and proximately caused the constitutional violations suffered by Perez, and are liable for the damages suffered by Perez as a result of the conduct of Defendants JOHN DOES and JANE DOES 1-10, whose conduct was a direct consequence of policies and practices of the defendants.

60. At all times relevant to this complaint, defendants had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of Defendants JOHN DOES and JANE DOES 1-10 and other similarly situated officers, and were a direct and proximate cause of the damages and injuries complained of herein.

61. It was the policy and/or custom of the defendants to inadequately and improperly screen, train, hire and supervise its officers and it was defendants' policy and custom not to investigate complaints of police misconduct, and acts of misconduct were instead tolerated by the defendants, including but not limited to the incidents listed above.

62. It was the policy and/or custom of the defendants of "pushing through the system" police officers with questionable – and possibly dangerous backgrounds via an admittedly arbitrary and capricious system.

63. Prior to September 22, 2017, the defendants hired, trained, employed and retained Defendants JOHN DOES and JANE DOES 1-10 as Nassau County City Police Officers despite the fact that they were unfit for duty and that retaining them as Police Officers would pose an undue threat to the health and safety of the general public.

64. The defendants' hiring, training, employing and retaining Defendants JOHN DOES and JANE DOES 1-10 as Nassau County Police Officers despite the fact that they were unfit for duty was consistent with defendants' policy of "pushing through the system" police officers with questionable – and possibly dangerous backgrounds via an admittedly arbitrary and capricious system of favoritism.

65. In particular, upon information and belief, defendants knew or should have known that Defendants JOHN DOES and JANE DOES 1-10 and other similarly situated officers had a history of and a psychological tendency to engage in undue acts of aggressive/violent/bizarre behavior/bullying/mental disturbance.

66. Defendants JOHN DOES and JANE DOES 1-10 remained unfit for duty after they were hired by the defendants, and the defendants failed to retrain them, suspend them or terminate their employment prior to the incident complained of herein.

67. Defendants' custom and practice as it came to the hiring and retention of Defendants JOHN DOES and JANE DOES 1-10 and their continued employment is demonstrative of a systematic failure and a custom and practice of the defendants to hire and retain officers that are clearly unfit for duty and pose a serious risk to the general public.

68. The red flags that should have been apparent in the case of Defendants JOHN DOES and JANE DOES 1-10 were ignored based on an established custom and practice that threatens the civil liberties of all members of the public.

69. The injuries sustained by Perez were due to the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees, in their systemic failure to properly screen for employment, hire, retain, train supervise, and employ Defendants JOHN DOES and JANE DOES 1-10 as Nassau County Police Officers.

70. As a result off the foregoing negligence, carelessness and recklessness of the defendants, acting under the color of state law, intentionally and willfully subjected Perez to, inter alia, intentional, unlawful and substantial restraint, detention, and assault and battery without just cause in violation of Perez's rights under the United States Constitution and 42 USC §1983.

71. As a result of the foregoing, Perez was injured.

72. As a result of the foregoing, Perez was seriously injured.

73. As a result of the foregoing, Perez was caused to die.

74. As a result, Plaintiff is entitled to punitive and compensatory damages from the defendants well in excess of $75,000.00.

75. As a result of the violation of 42 USC §1983, et seq., the physical injuries inflicted upon Perez, which included assault and battery, plaintiff claims all damages recoverable under 42 USC §1983, et seq. and the laws of the State of New York, including but not limited to

pain and suffering, medical expenses, mental anguish, police brutality, assault and battery, attorneys' fees pursuant to 42 USC §1988, and all other items of damage recoverable under New York State Law and the laws of The United States of America.

**FOURTH CAUSE OF ACTION**

76. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

77. Defendants' conduct in assaulting and battering Perez without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

78. Defendants' conduct, described above, was intended to and did cause intentional, severe emotional distress to Perez, proximately causing his death, and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and death.

80. As a result, Plaintiff is entitled to punitive and compensatory damages from the defendants well in excess of $75,000.00.

**FIFTH CAUSE OF ACTION**

81. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

82. Perez died intestate, leaving his father, Walter Cruz Ventura, his mother, Carmen Magdalena Perez Rodriguez, and his brother, Gerson Cruz Perez,

83. As a result thereof, Perez's next of kin have sustained damages in a sum to be determined at trial, well in excess of $75,000.00.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the Defendants:

(a) Compensatory damages in the amount to be determined by a jury;

(b) Punitive damages in an amount to be determined by a jury;

(c) The convening and empaneling of a jury to consider the merits of the claims herein;

(d) Costs and interest and attorneys' fees.

Yours, etc.

LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.

By:______________________________
CHARLES E. WISELL
Attorneys for Plaintiff
40 Fulton Street
New York, NY 10038-1850
(212) 285-3300

**VERIFICATION**

CHARLES E. WISELL, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

I am employed by the law firm of LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., attorneys for the plaintiff herein.

I have read the foregoing Complaint and know the contents thereof, and upon information and belief your affirmant believes the matters therein alleged to be true.

The reason this verification is made by your affirmant and not the plaintiff herein is that plaintiff herein resides in a county other than that in which your affirmant maintains his offices.

The source of your affirmant's information and the grounds of his belief are communications, papers, reports and investigations contained in the file for this matter.

DATED: New York, New York
September 20, 2018

CHARLES E. WISELL